CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC - 8 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

DANVILLE DIVISION

RICKEY G. YOUNG,

PLAINTIFF,                    CASE NO. 4:16CV00060

V.

LANE PERRY, SHERRIFF, AND HENRY COUNTY SHERRIFF'S OFFICE

3250 KINGS MOUNTAIN ROAD

COLLINSVILLE, VA 24078,

DEFENDANTS.

PLEASE SERVE DEFENDANTS AT THIS ADDRESS

JURY TRIAL DEMANDED

## COMPLAINT

1.   This court enjoys jurisdiction of this matter under 28 U.S.C. 1331 as the amount in controversy is greater than $75,000.00 and this matter involves violation of 42 U.S.C. 1983 in that the governmental agency involved, under color of state law, violated the plaintiff's constitutional rights under the United States Constitution to not be defamed and not to be subjected to wrongful, illegal, arrest, searches and seizures. The court has personal jurisdiction of the matter because the defamatory statements and illegal actions took place in Henry County, Virginia.

2.   The court enjoys venue of this matter because all of the events took place in the Western District of Virginia where the defendants defamed the plaintiff and subjected the plaintiff to illegal search, seizure, and arrest, all

1

in violation of the plaintiff's constitutional rights.

3.  The plaintiff is an individual who resides in the western district of Virginia.

4.  The defendants all work for Lane Perry, Sherriff, Henry County Sherriff's department, under the direction and control of the Sherriff, located in the western district of Virginia.

5.  On or about November 11, 2016, the defendants wrongfully and illegally arrested plaintiff in his deeded home located at 143 Beaver Ridge Road for interference with the rights of others in violation of Virginia Code 18- . The deed is attached as exhibit A.

6.  During the arrest the plaintiff clearly informed the defendants and the defendants knew that the property belonged to the plaintiff.

7.  The defendants arrested the plaintiff with handcuffs in the presence of his neighbors at approximately 5:00 p.m. The plaintiff remained in handcuffs or arrest and jail until his bonded release at 2:00 a.m., on or about November 12, 2016, the following morning.

8.  The defendants wrongfully and illegally searched the plaintiff in violation of 42 U.S.C. 1983, under color of state law, his car, and then wrongfully and illegally towed the plaintiff's car to Laurel Park Tire. The defendants damaged the plaintiff's car during the search, conducted in violation of 42 U.S.C. 1983, federal and state law, when the defendant's searched the car for evidence of illegal drugs/activity. Laurel Park Tire charged the plaintiff $320.00 for storage and towing fees. The plaintiff did not have possession of his car for three days from November 11, 2016 through November 14, 2016.

9.  The defendants wrongfully and illegally transported the plaintiff to the Magistrate for booking. At the Magistrate office, the defendants told the Magistrate, and others, plaintiff had been convicted of a felony. The

statement was false and defamatory. The defendants wrongfully and illegally took a gun from plaintiff's car in an effort to wrongfully and illegally charge the plaintiff with felonious possession of a weapon.

10. The defendants made written and verbal statements indicating that plaintiff wrongfully and illegally, without permission, entered his own home in violation of the law. The statements are false and defamtory.

11. The statments by the defendants infer that the plaintiff commited crimes of moral turpitude when plaintiff entered property belonging to another when the property in fact belonged to the plaintiff. The statements taken as a whole infer that the plaintiff commited acts of falsity, fraud and decieit, as well as commision of a criminal offense, damaging the plaintiff's reputation locally, nationally, and globaly. The statements caused the plaintiff damage to his reputation in general and special damages in the form of injury to his reputation througout the world. These damages include but are not limited to plaintiff's credibility being compromised, along with emotional and psychological trauma and suffering.

12. By publishing oral and written statements the defendants intended to and did charge plaintiff with a crime under Virginia Code 18- for interference with the property rights of another. A copy of the charge and the defamatory written statements are attached as exhibit B.

13. The statements stigmaitize plaintiff with fraud and deceit and injure his standing as a law abiding citizen of his community for entering his deeded home.

14. The statements individually and collectively are false and were false when made. The statements are defamatory falsehoods and the defendants knew or should have known the statements were false when made.

15. Defendants made the statements with actual malice and with wrongful and willful intent to defame the plaintiff. The statements were

3

made with reckless disregard for their truth or falsity and with knowledge and with wanton and wilfull disregard of the reputation and rights of the plaintiff.

16. Defendants lacked reasonable grounds for making the statements.

17. The statements referred to individually and collectively are causing and will cause plaintiff injury to his professional standing, to his reputation and good name and they have held and will continue to hold plaintiff up to public scandal and ridicule. The statements were calculated to and do expose plaintiff to public scorn, hatred, and ridicule. By such public statements the defendants did injure the plaintiff's professional reputation within his professional circle and within the community at large. The publication of the statements proximately caused special and general damages to the plaintiff. The statements have adversely damaged the plaintiff's reputation. The statements have proximately caused the plaintiff continuing emotional psychological damages which continues.

**WHEREFORE, plaintiff demands judgment against defendants, and each of them, for:**

**A. Compensatory damages in the amount of $750,000.00 according to proof;**

**B. Punitive damages in the amount of $500,000.00;**

**C. Interest as allowed by law;**

D. **Costs of suit; and**

E. **Such other and further relief as this court may deem just;**

**JURY TRIAL DEMAND**

F. **Plaintiff demands trial by jury.**

Respectfully submitted,

*Rickey J. Young*

4

Rickey G. Young

301 South Third Avenue

Humboldt, TN 38343

276-732-1703

I SWEAR OR AFFIRM THAT THE INFORMATION CONTAINED IN THIS DOCUMENT IS TRUE AND ACCURATE.

*[Signature: Rickey D. Young]*

### CERTIFICATE OF SERVICE

I CERTIFY THAT I HAND DELIVERED, A COPY OF THIS COMPLAINT AND EXHIBITS 'A' AND 'B' TO THE HENRY COUNTY SHERRIFF'S OFFICE, AND THE HENRY COUNTY ATTORNEY ON THIS 6TH DAY OF DECEMBER 2016.

*[Signature: Rickey D. Young]*