IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICKEY G. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16cv00060 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LANE PERRY, SHERIFF, and HENRY | ) | By: Hon. Jackson L. Kiser |
| COUNTY SHERRIFF'S OFFICE, | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Before the Court are Defendants Lane Perry's and the Henry County Sheriff's Office's Motion to Dismiss. [ECF No. 13.] This matter has been fully briefed, and the parties argued their respective positions in open court on February 23, 2017. For the reasons stated herein, the Motion to Dismiss will be granted.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

On or about November 11, 2016, Defendants Sheriff Lane Perry and the Henry County Sheriff's Department "wrongfully and illegally arrested plaintiff [Rickey Young] in his deeded home . . . ." (Compl. ¶ 5 [ECF No. 3].)[2] Defendants arrested Plaintiff "with handcuffs in the

---

[1] The facts are taken from Plaintiff's Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Plaintiff was a practicing lawyer at one time, I give his Complaint the liberal construction afforded to *pro se* plaintiffs. See Willner v. Dimon, No. 15-1678, 2017 WL 634704, at *4 (4th Cir. Feb. 16, 2017) ("[L]iberally construed or not, [Plaintiff's] complaint fails for the reasons discussed below.").

[2] Plaintiff's factual conclusions are presumed true; his legal conclusions are not. Additionally, Plaintiff maintains that the property belongs to him; he attached, to his Complaint, a deed transferring the property to him in September 2003 following an improper foreclosure. Defendants disagree and submitted deeds purporting to show that the property in question was foreclosed upon in 2004 and ultimately deeded to Charles and Laura Sechrist in October 2006. In his brief in opposition to Defendants' Motion to Dismiss, Plaintiff appears to concede that the home does not, in fact, belong to him. Plaintiff states: "Evidence at the trial will show that the former chief deputy [of the Sheriff's Office] lived in Young's home before the current occupant." (Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss pg. 3, Jan. 23, 2017 [ECF No. 21].)

presence of his neighbors at approximately 5 p.m. The plaintiff remained in handcuffs or arrest and jail until his bonded release at 2:00 a.m., on or about November 12, 2016, the following morning." (Id. ¶ 7.) Plaintiff was arrested for "interference with the rights of others . . . ." (Id. ¶ 5.)

Plaintiff also asserts that Defendants "wrongfully and illegally searched the plaintiff is violation of 42 U.S.C. [§] 1983, under color of state law, his car, and then wrongfully and illegally towed the plaintiff's car . . . . The defendants damaged the plaintiff's car during the search, conducted in violation of 42 U.S.C. [§] 1983, federal and state law . . . ." (Id. ¶ 8.) He also contends that "[t]he defendants wrongfully and illegally transported the plaintiff to the Magistrate for booking."

At the time of his booking, "the defendants told the Magistrate, and others, plaintiff had been convicted of a felony." (Id. ¶ 9.) That statement was false.[3] The defendants are also alleged to have "wrongfully and illegally [taken] a gun from plaintiff's car in an effort to wrongfully and illegally charge the plaintiff with felonious possession of a weapon." (Id.)

Plaintiff further alleges that "[t]he defendants made written and verbal statements indicating that plaintiff wrongfully and illegally, without permission, entered his own home in violation of the law. The statements are false and defamatory." (Id. ¶ 10.)

Plaintiff maintains that the statements by "defendants" "infer [sic] that the plaintiff commited [sic] crimes of moral turpitude when plaintiff entered property belonging to another when the property in fact belonged to the plaintiff. The statements taken as a whole infer [sic]

---

[3] The Court is empowered to take judicial notice of its own records. Plaintiff was tried and convicted of several misdemeanors (as well as contempt of court), but was acquitted on the felony charge levied against him. See United States v. Young, 7:00-cr-10081 (W.D. Va. Feb. 2, 2001) (convicting Young of five misdemeanors, but acquitting him of one felony); United States v. Young, 7:00-cr-00122 (W.D. Va. Feb. 9, 2011) (finding Young guilty of criminal contempt).

that the plaintiff commited [*sic*] acts of falsity, fraud and deceit, as well as commission of a criminal offense, damaging the plaintiff's reputation locally, nationally, and globaly [*sic*]. The statements caused the plaintiff damage to his reputation in general and special damages in the form of injury to his reputation throughout the world." (Id. ¶ 11.) At the time the statements were made, Plaintiff contends Defendants knew or should have known that they were false. (Id. ¶ 14.) He also contends that the statements were made with "actual malice and with wrongful and willful intent to defame" him. (Id. ¶ 15.)

Plaintiff filed his Complaint on December 8, 2016, apparently alleging causes of action for violation of 42 U.S.C. § 1983 and defamation. He seeks compensatory damages of $750,000.00, and punitive damages of $500,000.00. Defendants filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on January 4, 2017. Plaintiff responded on January 23. I heard arguments on February 23, 2017, and the matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768).

Generally speaking, allegations of Eleventh Amendment immunity, like those raised by Sheriff Lane Perry, are treated as challenges to subject matter jurisdiction. See, e.g., Edelman v. Jordan, 415 U.S. 651, 677–78 (1974).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff's Complaint is unclear on whether he is suing Sheriff Perry in his official capacity, his individual capacity, or both. By captioning his Complaint against "Lane Perry, Sheriff," it seems clear that he seeks recovery only against Sheriff Perry in his official capacity as Sheriff of Henry County. Nevertheless, considering Plaintiff's *pro se* status, I will assume that Plaintiff asserts all of his causes of action against Sheriff Perry in both capacities.

A. SECTION 1983 CLAIMS

i. HENRY COUNTY SHERIFF'S OFFICE

Plaintiff asserts a 42 U.S.C. § 1983 claim against the Henry County Sheriff's Office. In order to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a ***person*** acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). By its terms, § 1983 only applies to "persons." See 42 U.S.C. § 1983. Because the Henry County Sheriff's Office is not a "person," it cannot be sued under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. Nov. 19, 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). See also Bland v. Roberts, 730 F.3d 368, 389–91 (4th Cir. 2013) (noting that the Eleventh Amendment shields "state agents and state instrumentalities" from suit in federal courts); Widener v. City of Bristol, Va., No. 1:13-cv-00053, at *2 (W.D. Va. Nov. 12, 2013) ("The Code of Virginia does not provide that a sheriff's office is a separate legal entity that can be sued.); Trantham v. Henry Cnty. Sheriff's Office, No. 4:10-cv-00058, 2011 WL 863498, at* 5 (W.D. Va. Mar. 20, 2011) ("Local police and sheriff's departments in Virginia are '*non sui juris*,' meaning they simply do not have the capacity to be sued."). Plaintiff's § 1983 claims against the Henry County Sheriff's Office will be dismissed with prejudice.

ii. SHERIFF LANE PERRY, IN HIS OFFICIAL CAPACITY

"[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will v. Mich. Dept. of State Police, 491

- 5 -

Case 4:16-cv-00060-JLK-RSB  Document 28  Filed 03/02/17  Page 5 of 9  Pageid#: 149

U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. A Virginia sheriff is considered an arm of the state because he is a constitutional officer.[4] Cf. Oliver v. Baity, No. 1:14cv921, 2016 WL 5724826, at *3 (M.D.N.C. Sept. 23, 2016) ("A 42 U.S.C. § 1983 suit against a Sheriff, in his official capacity, constitutes a suit against the 'entity of which an officer is an agent,' . . . ."). Plaintiff's § 1983 claims against Sheriff Perry in his official capacity will be dismissed with prejudice. Accord Gemaehlich v. Johnson, No. 7:12cv00263, 2013 WL 589234, at *4 (W.D. Va. Feb. 14, 2013) ("There is considerable authority holding that the Eleventh Amendment precludes § 1983 official capacity suits against Virginia Sheriffs and their deputies because they are state, not local, officials.").

    iii.    <u>SHERIFF LANE PERRY, IN HIS INDIVIDUAL CAPACITY</u>

Plaintiff's Complaint does not allege any action personally undertaken by Sheriff Perry. At most, he asserts that "[t]he defendants all work for Lane Perry, Sheriff, Henry County Sheriff's department, under the direction and control of the Sheriff, located in the western district of Virginia." (Compl. ¶ 4.) Sheriff Perry is not mentioned again.

A fair reading of Plaintiff's Complaint reveals that he is asserting liability on a *respondeat superior* theory, meaning that Sheriff Perry is responsible for the actions of his deputies because they all work for him and at his direction. It is well-settled that, "[u]nder section 1983, governmental entities are not liable under the theory of *respondeat superior* for unconstitutional conduct by their employees." Lavender v. City of Roanoke Sheriff's Office,

---

[4] The facts that keep the Sheriff from being a "person" for purposes of § 1983 also imbue him with the sovereign immunity afforded the States under the Eleventh Amendment. His status as a constitutional officer makes him an arm of the State; as such, he enjoys the state's sovereign immunity *and* he is the state, and thus not a "person."

- 6 -

826 F. Supp. 2d 928, 934 (W.D. Va. 2011) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978)). Under this theory, the claims against Sheriff Perry must be dismissed.

Assuming Plaintiff is attempting to make out a § 1983 claim for supervisory liability, he has failed. To establish such a claim, Plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifferent to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994). As Plaintiff has failed to allege any of the above listed elements, he has failed to state a claim for supervisor liability against Sheriff Perry individually.

B. PLAINTIFF'S DEFAMATION CLAIM

Insofar as Plaintiff presses his defamation claim under § 1983, it fails. Plaintiff cannot use § 1983 to assert a defamation claim. See, e.g., Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.")

Addressing the Complaint, however, Plaintiff has failed to state a claim for defamation against Sheriff Perry or the Henry County Sheriff's Office under Virginia law.[5] In Virginia, the elements of a defamation claim are: "(1) publication of (2) an actionable statement with (3) the requisite intent." Jordan v. Kollman, 612 S.E.2d 203, 206 (Va. 2005). Words that are

---

[5] It seems obvious that the Sheriff's Office, as a whole, cannot defame Plaintiff as he alleges the action in his Complaint. (See Compl. ¶ 9 ["At the Magistrate [*sic*] office, the defendants told the Magistrate, and others, plaintiff had been convicted of a felony."].)

defamatory *per se* include "[t]hose which impute to a person the commission of some criminal offense involving moral turpitude . . . [or] [t]hose which prejudice such person in his or her profession or trade." Tronfeld v. Nationwide Mut. Ins. Co., 636 S.E.2d 447, 449–50 (Va. 2006). A complaint alleging defamation must "contain the exact words charged to have been used by the defendant." Fed. Land Bank of Baltimore v. Birchfield, 3 S.E.2d 405, 410 (Va. 1939).

In Goulmamine v. CVS Pharmacy, Inc., 138 F. Supp. 3d 652, 670 (E.D. Va. 2015), the Eastern District of Virginia held that a plaintiff "must state the insulting language *in haec verba* in federal as well as state court." Plaintiff has not alleged the exact statement he claims was defamatory, and therefore his defamation claim should be dismissed.

Additionally, on its face, Plaintiff's Complaint does not allege *who* made the allegedly defamatory statement(s). He only alleges that "the defendants told the Magistrate, and others" that Plaintiff was a felon. Such an allegation does not "give the defendant fair notice of what . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### IV. <u>CONCLUSION</u>

Each of Plaintiff's claims suffers from several fatal defects. He has not alleged a § 1983 claim against any "person," and the Sheriff enjoys Eleventh Amendment immunity from § 1983 actions in his official capacity because, as a constructional officer, he is considered an arm of the state. Plaintiff's defamation claim is also improperly pled, and should be dismissed. The § 1983 claims against the Henry County Sheriff's Office and Lane Perry, in his official capacity, will be

- 8 -

dismissed with prejudice. Plaintiff's § 1983 claim against Sheriff Perry, in his individual capacity, and his state law defamation claim will be dismissed without prejudice.

The clerk is directed to forward a copy of this Order to Plaintiff and all counsel of record.

Entered this 2nd day of March, 2017.

                                          s/Jackson L. Kiser
                                          SENIOR UNITED STATES DISTRICT JUDGE